IN THE MATTER OF: TONY MEYERS, AGE 13

No. 7419DC383

(Filed 5 June 1974)

Appeal and Error § 6; Infants § 10— adjudication of delinquency — continuance of disposition — premature appeal

Appeal from adjudication of delinquency is dismissed as premature where the court continued disposition until a specific date to give the court counselor an opportunity to conduct a home study since the appeal should be deferred until the disposition where the time between the adjudication and disposition is short, reasonable, and for a specific purpose. G.S. 7A-289.

APPEAL by defendant juvenile from *Hammond, District Judge,* at the 10 December 1973 Session of RANDOLPH District Court.

Heard in the Court of Appeals 6 May 1974.

On 2 October 1973, Randolph County Deputy Sheriff R. C. Ward swore out a juvenile petition against Tony Meyers, age 13, charging him with the crime of breaking and entering the residence of Stamey Pierce in violation of G.S. 14-54 (b). Mr. Allen Poole is the brother-in-law of and lives next door to Stamey Pierce. On the night of 2 October 1973, Mr. Poole noticed the lights in the Pierce home go on and off. Mr. Poole went to the front door of the Pierce home to investigate and heard someone running inside and the television blaring. Mr. Poole unlocked the door, walked through the house and found two bicycles near the back door. Mr. Poole called to his wife to notify the sheriff, then he rolled the bicycles around to the carport. When Mr. Poole returned to the back of the Pierce home, he saw two boys standing where the bicycles had been. The two boys fled and were later apprehended by Deputy Sheriff Ward. The boys were questioned by Deputy Sheriff Ward and Mrs. Pierce

---

**In re Meyers**

---

at which time they admitted being in the Pierce home. The trial court found the defendant to be a delinquent and continued disposition of the matter until a later date to give the court counselor an opportunity to conduct a home study. Defendant appealed from the adjudication of delinquency.

*Attorney General Robert Morgan by Assistant Attorneys General William Woodward Webb and Ann Reed for the State.*

*Ottway Burton for juvenile defendant appellant.*

CAMPBELL, Judge.

G.S. 7A-289 reads in pertinent part:

"Any child, parent, guardian, custodian or agency who is a party to a proceeding under this Article may appeal from an *adjudication or any order of disposition* to the Court of Appeals, provided that notice of appeal is given in open court at the time of the hearing or in writing within 10 days after the hearing. . . . " (Emphasis supplied.)

The statute is intended to remedy the long-standing practice of indefinite continuations of disposition of juvenile cases. This practice held the juvenile under the constant threat of incarceration and subject to public disdain but did not allow an appeal until his case was recalled for final disposition. This particular case does not fit that fact pattern. Here we have an order dated 10 December 1973 and filed 12 December 1973, reading:

"This matter is continued until January 14, 1974, for disposition and the court counselor is ordered to conduct a home study and report to the court in writing on or before that date."

This is short and reasonable, and for a specific purpose (to conduct a home study). Where the time lapse between adjudication and order of disposition is short and reasonable and for a specific purpose, we think the appeal should be deferred until the disposition. Otherwise, unnecessary appeals would be encouraged, and the Court would be unnecessarily delayed in disposing of cases.

We hold that on the particular facts of this case, the appeal is premature and is dismissed and that the case is remanded for disposition.

Appeal dismissed.

Judges MORRIS and VAUGHN concur.